IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRESSEY WILSON, § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| v. § | CIVIL ACTION NO: 4:20-cv-04100 | |
| § | | |
| PRAIRIE VIEW TEXAS A&M § | | |
| UNIVERSITY, Dr. RUTH J. § | | |
| SIMMONS, in her individual and § | | |
| official capacity, § | | |
| § | JURY DEMANDED | |
| **Defendants** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Tressey Wilson ("Plaintiff" "Ms. Wilson") files this Original Complaint against Defendants Prairie View Texas A&M University, ("PVAMU) and Dr. Ruth J. Simmons ("Defendant Simmons") in her individual and official capacity as president of PVAMU (collectively as "Defendants") and shows as follows:

### A. PARTIES

1. The plaintiff in this case is Tressey Wilson. She is an individual and resident of Waller County, Texas. At all times relevant hereto, Plaintiff was an employee as that term is defined in the ADA and the Rehabilitation Act.

2. Defendant Prairie View A&M University (PVAMU)is a public university with its campus located in Prairie View, Waller County, Texas. Defendant may be served through the A&M System's General Counsel, Ray Bonilla, at the Office of General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896 or through its

1

registered agent, Shawn Cowles, Deputy AG for Civil Litigation, Price Daniel, Sr. Building, 8th floor, 209 W. 14th St., Austin, TX 7870.

3. Defendant Simmons is the president of Prairie View Texas A&M University and may be served at her place of work at the Office of the President, 700 University Drive, Prairie View, Texas 77446 or wherever she may be found.

## B.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to This Court has jurisdiction over Plaintiff's claims under the ADA and Rehabilitation Act pursuant to 28 U.S.C. § 1331. This case presents a federal question

5. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## C.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On December 24, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  A true and correct copy of Plaintiff's EEOC Charge is attached as Exhibit A.

7. On January 24, 2020, Plaintiff filed an amended charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  A true and correct copy of Plaintiff's EEOC Charge is attached as Exhibit B.

8. On September 3, 2020, Plaintiff received the Dismissal and Notice of Right to Sue letter from the Department of Justice. A true and correct copy of the Notice of Right to Sue is attached as Exhibit C.

## D.  FACTS

9. Plaintiff was employed by the Prairie View Texas A&M University for approximately 24 years. Her last position held was Assistant Vice President of Auxiliary Services.

10. Plaintiff's job duties included overseeing the support units, managing business operations, such as the Student Center, Dining Services, Bookstore, Parking & Transportation.

11. In 2017, Plaintiff went on medical leave for breast cancer treatment and returned to work in September 2018.

12. Plaintiff occasionally took sick leave for medical appointments during the remainder of her employment.

13. On November 1, 2018, Dr. Corey Bradford, Senior Vice President for Business Affairs for Prairie View Texas A&M University became Plaintiff's supervisor.

14. In November of 2018, Plaintiff informed Bradford that she will need to take some sick time in the upcoming months for regular oncologist appointments.

15. On June 18, 2019, the final investigation results were given to Dr. Bradford

16. On June 19, 2019, Defendant Bradford requested permission from PVAMU's President Ruth Simmons Plaintiff's termination.

17. The reason cited by Dr. Bradford for termination of Ms. Wilson was the violation of the A&M's ethics policy based on allegations of theft and use of a parking tag, voiding a parking ticket for her daughter.

18. On June 25, 2019, Dr. Corey Bradford sent to Ms. Wilson stating that Plaintiff was being terminated from her position.

19. Prior to this Plaintiff was not given any warnings and was not made aware of the appeals process.

20. As early as November 8, 2019, Dr. Bradford was aware that the claim that Ms. Wilson stole a parking tag and deleted a parking ticket was untrue.

21. As early as November 8, 2019, PVAMU was aware that the claim that Ms. Wilson stole a parking tag and deleted a parking ticket was untrue.

22. Despite this, Dr. Bradford still went forward with his request that Ms. Wilson be terminated.

23. Ms. Wilson timely appealed her termination. PVAMU made a final determination that her termination was final on January 8, 2020.

24. Plaintiff timely filed a charge of discrimination with the EEOC, alleging disability and age discrimination, and the administrative process has been exhausted. A copy of the right to sue letter is attached as Exhibit C.

### E.  CAUSES OF ACTION

#### COUNT I: VIOLATIONS OF THE ADA AGAINST PVAMU'S PRESIDENT INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY

25. By this reference, Plaintiff hereby incorporates all prior paragraphs of this Original Complaint as if they were set forth within this cause of action.

26. Plaintiff is a person with a physical disability (actual, record of, and/or regarded as) as defined by the ADA, 42 U.S.C. § 12102(2)(A).

27. Plaintiff was at all times a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8).

28. Defendants violated the ADA, as amended, including provision of 42 U.S.C. § 12112, and discriminated and retaliated against Plaintiff because of her disability, despite the fact that she was a qualified individual who was, and remains, able to perform the essential functions of the position for which she applied, with or without reasonable accommodation.

29. The unlawful employment practices complained of above were intentional.

30. As a result of the violations of the ADA, as set forth above, Plaintiff is entitled to prospective injunctive relief against Defendant Dr. Ruth J. Simmons in her official capacity, including an order of reinstatement to the position and benefits she would have held if she had not been terminated.

31. Plaintiff is also entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendant.

### COUNT II: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT AGAINST PVAMU

32. By this reference, Plaintiff hereby incorporates all prior paragraphs of this Original Complaint as if they were set forth within this cause of action.

33. In the alternative, Plaintiff is a person with a physical disability (actual, record of, and/or regarded as) as defined by the Rehabilitation Act, 29 U.S.C. §§ 705(9)(B) and (20)(B).

34. For the reasons set out above, Defendant also intentionally discriminated and retaliated against Plaintiff in violation of the Rehabilitation Act of 1973, solely because of her disability.

35. Plaintiff is entitled to an order making her whole by Plaintiff be awarded her back pay, and lost benefits and seniority, and compensatory damages;

36. Plaintiff is also entitled to be awarded reasonable attorney's fees, including litigation expenses and costs; and cost for any and all appeals to other courts.

### COUNT III: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq

37. By this reference, Plaintiff hereby incorporates all prior paragraphs of this Original Complaint as if they were set forth within this cause of action.

38. In the alternative, Plaintiff was over the age of 40 at the time of her termination.

39. After she was terminated, PVAMU replaced her with staff that was substantially younger than her.

40. Defendant intentionally discriminated against Plaintiff in violation of the ADEA, solely because of her age.

41. Plaintiff is entitled to an order making her whole by Plaintiff reinstatement, injunctive relief, be awarded her back pay, and lost benefits and seniority, and compensatory damages;

42. Plaintiff is also entitled to be awarded reasonable attorney's fees, including litigation expenses and costs; and cost for any and all appeals to other courts

### F.  ATTORNEY FEES AND COSTS

43. Pursuant to the ADA, the Rehabilitation Act, and ADEA Plaintiff is entitled to recover attorneys' fees and costs, including, but not limited to, expert expenses.

### G.  REQUEST FOR JURY TRIAL

44. Plaintiff requests a trial by jury on all issues that can be tried to a jury.

### H.  RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

a. Grant a permanent injunction against Defendant Simmons (under the ADA) and against PVAMU (under Section 504), enjoining them and their officers, successors, assigns and all persons in active concert or participation with it, from engaging in any further practice which discriminates against Plaintiff on the basis of her disability;

b. Place Plaintiff in a comparable position to the one she would have had absent the improper acts of the Defendants;

c. Award Plaintiff appropriate back-pay with prejudgment interest under Section 504 only;

d. Award Plaintiff compensatory damages for her past and future pecuniary and non-pecuniary losses under Plaintiff's claims under Section 504 only;

e. Award Plaintiff reasonable attorney's fees, costs, and litigation expenses from Defendants;

f.  Enter a judgment in favor of Plaintiff; and,

g.  Grant Plaintiff such further and other relief as the Court deems necessary and proper.

        Respectfully submitted,

        TRAN LAW FIRM

        /S/Trang Q. Tran
        Trang Q. Tran
        Federal I.D: 20361
        Texas Bar No. 00795787
        2537 South Gessner Road, Suite 104
        Houston, Texas 77063
        Tel: (713) 223 – 8855
        trang@tranlf.com
        service@tranlf.com

        **ATTORNEY FOR PLAINTIFF**